PEOPLE OF PORTO RICO, EX REL. DIONISIO TRIGO ET AL., Petitioner and Appellee, *v.* BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, INC., ET AL., Respondents and Appellants.

Nos. 4005 and 4007. Argued December 8, 1926.—Decided February 23, 1927.

*Juan de Guzmán Benítez* for the appellant in the first case and *F. Soto Gras* and *R. Díaz Collazo* for the relators in the second. *Francisco Soto Gras* and *Juan de Guzmán Benítez* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The Attorney General, in the name of The People of Porto Rico, at the instance of relators Dionisio Trigo and others, instituted this proceeding in *quo warranto* against the defendants, praying: (*a*) that the conversion of the Banco Territorial y Agrícola de Puerto Rico from a joint stock company into a corporation and the certificate of incorporation issued by the Executive Secretary of Porto Rico be declared illegal, as not authorized by the Banking Act; (*b*) that if the natural persons made defendants herein are the recipients of a corporate franchise they possess it illegally and fraudulently, and (*c*) that even granting that such corporation exists either as an incorporated joint stock company or as a kind of business partnership, the natural persons made defendants herein are usurping and violating the secondary franchises because of failure on their part to comply with the

provisions of the Banking Act, forfeiting the right to do so, or that they be forbidden to do so until said requisites are complied with.

An order was issued by the court below summoning the defendants to answer and show the authority under which they were possessed of the corporate franchise, etc.

Defendants filed a motion to quash the writ and among other grounds alleged that in the same inferior court two appeals were pending to the Supreme Court, one of which was taken by petitioners. Both appeals deal with juridical questions on the validity of the incorporation of the defendant bank.

The court below after consideration of the motion, rendered judgment dismissing the petition in *quo warranto,* without special imposition of costs. Both parties appealed from that judgment, the defendants basing their appeal solely on the pronouncement of costs.

The court below, in a lengthy opinion, although mentioning misjoinder of parties defendant, based its opinion mainly on the non-appearance at the hearing of the Attorney General or the district attorney, without giving any valid excuse for their absence.

However, we shall not enter into a consideration of the technical grounds for the decision of the trial judge.

The merits of this case, in connection with the primary questions raised in the petition in *quo warranto* have been considered and decided in cases Nos. 3805, 3804 and 3883, disposed of today. We held the applicability to the defendant bank of Act No. 18 of September 10, 1923, regulating banks and banking, etc., and the validity and legality of the resolution of May 19, 1924, voted at a special meeting of stockholders for the incorporation of that bank.

The defendants complain, on the other hand, that the lower court did not impose all of the costs on the plaintiffs, including a reasonable amount for attorney's fees.

Plaintiffs, in opposing that claim, cite the cases of *Candal* v. *Vargas,* 29 P.R.R. 603; *People* v. *López,* 30 P.R.R. 241; *Forés* v. *Balzac,* 30 P.R.R. 344, and *People* v. *Oms-Sulsona,* 35 P.R.R. 691.

Plaintiffs' contention is that in those cases this court construed the general law on costs in connection with the proceedings in *quo warranto* in the sense that after the amendment to section 327 of the Code of Civil Procedure by Act No. 38 of April 12, 1917, costs include attorney's fees, and that "in all cases" their imposition is discretional. However, in the case of *People* v. *Oms-Sulsona, supra,* the question was decided in clear and precise terms against the general point of view of the plaintiffs in connection with costs in a *quo warranto* proceeding, and this court said, by Mr. Justice Wolf:

"We agree with the appellee, however, that independently of any question of blame (*temeridad*), under the Act of 1902, Revised Statutes, sec. 1324, governing *quo warranto,* a defendant is entitled to a reasonable attorney's fee. This section says:

" 'Whenever judgment is rendered in favor of any defendant such defendant shall recover from the relator his costs including a reasonable attorney's fee.'

"In *People ex rel. Salgado* v. *López,* 30 P.R.R. 242, the court below had awarded attorney's fees to the petitioner in a *quo warranto* proceeding and the contention was that only the defendant was entitled to such attorney's fees under said Act of 1902. We felt bound to hold that section 327 of the Code of Civil Procedure was a law of general application and that the intention of the Legislature was to include all cases where a different intent was not already shown. In other words, that a petitioner was also entitled to fees under the general law. This does not militate against the intention of the Legislature that under the said Act of 1902 a reasonable attorney's fee should be awarded to the defendant whose right to hold his office had been unsuccessfully assailed. It is in general to the public interest that officers should perform their functions."

Therefore, as the *quo warranto* proceeding is not limited by the general law on costs of 1917, it is evident that the gen-

eral procedure of the last law to tax them does not apply and the filing of a memorandum of costs, as alleged by the plaintiffs, is not necessary. Section 1324 cited is preceptive and the court when imposing costs should fix a reasonable amount as attorney's fees.

Perhaps at first sight a certain inconsistency might appear between a judgment imposing costs in this proceeding and our decision of this date in cases Nos. 3805, 3804 and 3883, where we rendered judgment without special pronouncement of costs; but apart from the fact that in the present case the imposition of costs is statutory and independent of the discretion of the court, we must realize that the fundamental questions which constitute the subject of the proceeding in *quo warranto* were the same in the cases already mentioned, and, as they have been appealed from to this Supreme Court, the bringing of that proceeding became unnecessary and therefore the plaintiffs took the risk of bearing the consequences which imperatively subjected them, without any discretion on our part, to the imposition of costs on them.

The question finally left to be decided is the fixing of the amount of attorney's fees. While the plaintiffs allege that the services of counsel are worth at most $300, the defendants estimate them at $4,000, alleging the importance of the liquidation of the defendant bank, as claimed by the plaintiffs. Indeed, while being aware of that importance, we do not think the work was so arduous, for the proceeding was dismissed after an appearance where the only argument was on the motion to quash the writ. We feel inclined to decide, in view of the relative importance of the work done in this case, that the sum of $300 is a reasonable sum for attorney's fees.

Therefore, the judgment in case No. 4007 must be affirmed and that in case No. 4005 reversed imposing the costs on the plaintiffs, in addition to the sum of $300 as attorney's fees.

Mr. Justice Hutchison took no part in the decision of this case.

Mr. Justice Wolf dissented from the imposition of costs, but agreed with the jurisprudence in case No. 4005 and dissented in the other case.